WESTERN  TOWNSITE  COMPANY, Respondent, v. NO-
VOTNY, Appellant.

(143 N. W. 895.)

**1.  Fraud—False  Representations—Future  Event—Non-control  of
Third Party.**

A representation by vendor of a town lot to a vendee, that
a certain railroad company would, within a year, build into the
town containing said lot, which representation proved to be
false, was not a representation of fact which would support
an action for damages for fraudulent representations, there
being no representation of what the third party intended to do,
nor that vendor had any control over that party.

**2.  Promissory Statements—False Representations—Future Events—
Personal Knowledge.**

As a rule, false representations on which fraud may be predi-
cated must be as to existing facts, or of facts theretofore exist-
ing, and not merely promises or conjectures as to future acts
or events, although such promises are subsequently broken,
unless the promise includes a misrepresentation of existing
facts, or a statement as to matter peculiarly within the speak-
er's knowledge, and he makes the statement as a fact.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Tripp County.  Hon. WILLIAM
WILLIAMSON, Judge.

Action by the Western Town Site Company against John
Novotny, to recover for balance of purchase price of realty sold
by plaintiff to defendant, to establish a vendor's lien for pur-
chase money against the realty, and for foreclosure of such lien.
From a judgment in favor of plaintiff, entered upon an order sus-
taining a demurrer to defendant's counterclaim, defendant appeals.
Affirmed.

*Doherty & Talbott,* for Appellant.

The rule that an expression of an opinion is not actionable,
it has been said, applies only "when the opinion stands by itself and
is intended to be taken as distinct from anything else."  In support
of this the following cases are cited:  Hickey v. Morrell, 102
N. Y. 454, 463, 7 N. E. 321, 55 Am. Rep. 824; see, also McDonald
v. Smith, (Mich. 1905) 102 N. W. 668; People v. Peckens, 153
N. Y. 576, 47 N. E. 883 (affirming 12 N. Y. App. Div. 626, 43
N. Y. Suppl. 1160).

If the representations alleged relate to a matter concerning

which positive statements can be made, although of which plaintiff can judge as well as defendant if he has an opportunity of examination, the fact that plaintiff relied upon the representations must be deemed conclusive that they do not relate merely to matters of opinion. 20 Cyc. 98, at note 69; Witton v. Goddard, 36 Vt. 730; 20 Cyc. 17.

False representation as to the future earnings of a proposed corporation are fraudulent, if made with the intent to deceive by a person having superior knowledge as to such matters. French v. Ryan, 104 Mich. 625, 62 N. W. 1016.

While promises and opinions ordinarily, if false, do not constitute actionable fraud, yet where they are the device used to consummate the fraud, they become a part of the transaction, and the false token whereby the fraud is effected. Cerney et al. v. Paxton-Gallegher, 110 N. W. 882.

An apparent exception to the general rule is that, if the intention not to perform exists when the promise is made, the promise is fraudulent. McGready v. Phillips, 56 Neb. 446, 6 N. W. 885.

E. O. Patterson, for Respondent.

There is no allegation that plaintiff controlled the railway company or was in a position to cause it to so build its line of road.

The rule is almost universal that before a misrepresentation can be made the basis of a legal action it must clearly appear that it relates to a past or existing fact or state of facts.

Statements as to what a person or thing will or would do in the future are seldom actionable upon the ground of fraud. Holton v. Noble, 23 Pac. 58; Sawyer v. Pickett, 89 U. S. 19; 22 L. Ed. 105. A "promissory statement" is not ordinarily the subject either of an indictment or an action. Id.

An actionable, false representation must be one relating to an existing fact or a past event. A mere opinion, prediction or promise of a future condition of things is not a representation upon which a party has any right to rely. Warner v. Benjamin, 62 N. W. 179, 180; Sheldon v. Davidson, 55 N. W. 161; Myer v. Alpena Loan Bldg. Assn., (Mich.) 75 N. W. 944, 945; Bankson v. Lagerlof, (Iowa) 75 N. W. 661; Spence v. Gerlfuss, (Wis.)

62 N. W. 529, 531; Milwaukee Brick & Cement Co. v. Schockneckt, 84 N. W. 832, 840.

The failure of the occurrence of future events in accordance with statements, predictions or expressed opinions of either of the parties to a contract have never been held actionable at law and only under special circumstances in equity.   Fromer & Co. v. Stanley, (Wis.) 69 N. W. 820. Patterson v. Wright 25 N. W. 10

Unless such matters are made conditions, and so expressed in the agreement itself, they amount to nothing in the eye of the law.   Davis v. Reynolds, (Me.) 77 A. 409.

The fulfillment of the promise made must depend upon the will of the person making it, and not upon the action of some third person not connected with the transaction.   Buckingham v. Thompson, 135 S. W. 652; J. H. Clark & Co. v. Rice, 106 N. W. 221, 226; Esterly Mfg. Co. v. Berg, 71 N. W. 952, 953; Press v. Harr, 133 Ill. App. 528.

WHITING, P. J.   Plaintiff, under a written contract, sold defendant a town lot, upon which defendant made partial payment.   Defendant being in default as to the balance of the purchase price, plaintiff brought this action seeking a judgment for such balance, and a decree giving it a vendor's lien upon the lot securing such judgment, together with a foreclosure thereof. Defendant, admitting the contract and failure in payment, alleged by way of counterclaim that, when said contract was entered into, plaintiff falsely and fraudulently, and with intent to defraud defendant, represented to defendant that a certain railway company would, within one year from the date of said contract, build its railroad into the town wherein the lot in question was situate; that he relied upon such representation, and was thereby induced to enter into such contract; that such representation was false and was made by plaintiff for the purpose of inducing defendant to purchase such lot; that plaintiff, at the time of such representation, knew it was false; and that the said railroad company did not build a line into said town within such time.   Defendant alleged damage in the exact amount of the balance claimed by plaintiff.   To this answer plaintiff demurred, upon the ground that the same did not state facts sufficient to constitute a defense to said action.   The demurrer was sustained, and, defendant electing to stand upon such counterclaim, judgment in favor of plaintiff

was entered. It is from such judgment that defendant has appealed, and he assigns as error the ruling upon such demurrer.

[1] Appellant concedes that ordinarily representations in the nature of promises or opinions, even if false, are not sufficient upon which to base an action for fraud, yet he contends that there are exceptions to this general rule, and that the facts alleged in his answer bring this case under such exceptions. He has cited numerous authorities, every one of which we have examined, and there is not one that sustains his contention. It will be noted that the representation or promise related to what another corporation would do in the future. It did not even purport to be a representation of what such third party intended to do, but a representation of what it would do, with no allegation to show that plaintiff had any control whatsoever over the actions of such railroad company.

[2] The rule as to promissory statements is thus announced in 20 Cyc. 20: "As a general rule false representations upon which fraud may be predicated must be of existing facts or facts which previously existed, and cannot consist of mere promises or conjectures as to future acts or events, although such promises are subsequently broken, unless the promise includes a misrepresentation of existing facts or a statement as to some matter peculiarly within the speaker's knowledge, and he makes the statement as a fact." Certainly the facts in this case do not bring it under such rule. If this building of the railroad was something which the plaintiff itself promised to do, or the allegations had been such as to show that the acts of the railroad corporation were within its control, then there would be some ground for appellant's contention, as there is a line of decisions upholding the proposition that, where one fraudulently promises to do a thing which, at the time he makes the promise, he intended not to do, such representation may form the basis of an action for deceit; such right of action not being based upon the false representation of what was to occur, but upon a false representation as to a fact existing at the time of such representation—a false representation as to the party's present intent. 20 Cyc. 22.

It is clear that the trial court did not err in sustaining the demurrer, and the judgment based thereon is affirmed.