DOYON et al, Appellants, v. FOGLESON, Respondent.

(192 N. W. 752.)

(File No. 5003.  Opinion filed March 14, 1923.)

1.  Corporations—Fraud—Corporate Stock—Bills and Notes—Representations to Subscriber For Stock Held Not Representations of Fact, Expressions of Opinion as to What Future Would Bring Forth.

Representations to a subscriber of stock that the earnings of the corporations would take care of his note, and that he would never be called on to pay anything, were not representations of fact, on which he had a right to rely, but mere expressions of opinion as to what the future would bring forth.

2. Frauds—Statute of—Guaranty—Corporations—Guaranty to Maker of Note For Corporate Stock Held One Required to be in Writing.

A guaranty to the maker of a note for stock, that the earnings of the corporation would take care of it and that he would never be called on to pay it is required to be in writing under Rev. Code 1919, Sec. 1477, providing that, except as prescribed by section 1478, a guaranty must be in writing and is not within any of the exceptions mentioned in Section 1478.

3. Corporations—Corporate Stock—Bills and Notes—Subscription to Corporate Stock Good Consideration For Note, Though Stock Not Delivered.

A subscription to corporate stock is a good consideration for a note, though the stock is not delivered.

Appeal from Circuit Court, Spink County; HON. ALVA E. TAYLOR, Judge.

Action by T. E. Doyon and another against G. Fogleson. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Reversed.

*W. F. Bruell,* of Redfield, for Appellants.

*Sterling & Clark,* of Redfield, for Respondent.

(1)  To point one of the opinion, Appellants cited: Gregory v. Hart, 7 Wis. 457; Tacoma Mill Co. v. Sherwood ('Wash.), 39 Pac. 978; Blackledge v. Puncture Proof Re-Thread Co. (Iowa), 181 N. W. 633; Jackson v. Chemical National Bank (Tex.), 46 S. W. 296; Wright v. Remington, 41 N. J. L. Rep.; Forsythe v. Kimball, 91 U. S. 294, L. Ed. 352; Brown v. Spofford, 95 U. S. 485, 24 L. Ed. 508; ergman v. Evans (Wash.), 158 Pac. 964; Campbell v. Zion Co-operative Co. (Utah), 148 Pac. 406.

Respondent cited: Howell v. Harvey (W. Va.), 22 L. R. A. (N. S.) 1077; Meldrum v. Kenefick, 15 S. D. 370.

(2) and (3.) To points two and three, Appellants cited: Smith on Statute of Frauds, Secs. 317, 319, cases cited; Mallory v. Gillett, 21 N. Y. 413; First National Bank v. Fulton (Ia.), 137 N. W. 1020; Schiller Piano Co. v. Hyde, 43 S. D. 581; Holland v. Duluth Mining Co., 68 N. W. 50; Randell Printing Co. v. Sanitas Mineral Water Co. ('Minn.), 139 N. W. 606; Galbraith v. McDonald (Minn.), 1915A, L. R. A. 467; Maryville Electric Co. v. Johnson (Cal.), 29 Pac. 126; Fletcher on Corporations, Sec. 520 in cases cited; Fletcher on Corporations, Sec. 532 in cases cited; Industrial Co-op. Union v. Lewis (Wis.), 182 N. W. 863;

Standard M.fg. Co. v. Slot, 92 N. W. 923; J. H. Clark v. Rice (Wis.), 106 N. W. 231.

Respondent cited: 3 R. C. L. 943; De Rue v. McIntosh, 26 S. D. 47; Bank v. Bowen (Minn.), 124 N. W. 241; Preas v. Vollentine ('Wash.), 101 Pac. 706; Nesson v. Millen (Mass.), 91 N. E. 995; Note to Blanchard v. Blanchard, 37 L. R. A. (N. S.) 783; Grimsrud Shoe Co. v. Jackson, 22 S. D. 115; East Side Trust and Savings Bank v. McGinnis (Mich.), 163 N. W. 949; Northland Co. v. Kohl (Wis.), 164 N. W. 1001; State Bank v. Pangeri (Minn.), 165 N. W. 479; State Savings Bank of Logan v. Osborne (Ia.), 175 N. W. 964; Marlatt v. Couture (N. D.), 169 N. W. 582; Holbert v. Weber (N. D.), 161 N. W. 560.

GATES, J.   Plaintiff Doyon and his then partner Wykoff (since deceased) were the owners of a stock of general merchandise in Redfield.   In March, 1913, they received a communication from an institution in Minneapolis, known as the Right Relationship League, as follows:

"Our attention has been called to Redfield as a suitable place in which to organize a co-operative store company, and where the time is now ripe for such a move.   We prefer to co-operate with going concerns rather than to start new.   Is your business available, and if so, can a suitable building be had?   If a deal is made, will you be willing to take the mangement of the store for one or more years, if satisfactory arrangements can be made?   There are now over one hundred stores organized and operating on our plans in the Northwest. , We should like to hear from you by return mail as a move of this character will be made in your vicinity soon."

As a result of negotiations, plaintiff Doyon and his then partner signed a proposal prepared by said league as follows:

"Merchant's Proposal to People.

"To the People of Redfield, S. D., and Vicinity:

"Having become convinced that co-operative stores on the Right Relationship League plan is the most just way of doing business, we hereby make the following proposition to the people of Redfield, South Dakota, and vicinity, to-wit:

"First.   As soon as approximately 100 or more shares of capital stock of one hundred ($100.00) dollars each shall have been

subscribed for, and a co-operative company known as the Redfield Co-Operative Company, or some other appropriate name, shall have been incorporated and its officers elected in accordance with the latest revision of by-laws recommended by the Right Relationship League of Minneapolis, Minnesota, and the laws of this state, do hereby agree to turn over to said company our entire stock of goods, fixtures, and unexpired fire insurance premiums, in accordance with the terms set forth in section 16a, art. VI, of said by-laws, the invoice value of same to be determined by appraisers as provided in said section and article. We also agree to employ a disinterested appraiser to represent us in taking said invoice.

"[Paragraphs 2 and 3 relate to the details of carrying out the proposal.]

"Fourth. That the lease on the store building now occupied by us shall be taken over by the new company at the same price and terms as paid by us.

"Fifth. That none of the stockholders of said company shall hold more than ten shares nor have more than one vote on any subject.

"Sixth. That we also agree to do everything in our power to advance the best interests of said co-operative company and to assist in securing subscriptions to and in organizing same, jointly with the representatives of said league."

The Right Relationship League sent out one Peterson to secure subscriptions from farmers to the capital stock of the Redfield Co-Operative Company. Peterson, assisted by Doyon, secured subscriptions thereto, among them one from the defendant for one share in the sum of $100, and took his promissory note for said sum payable in one year. This note, with others, issued for a similar purpose, was turned over to plaintiff and his then partner as a part of the consideration for the transfer of their stock of merchandise to the new corporation, which occurred about May 26, 1913. A certificate of corporate stock was issued to defendant but was never detached from the corporate stock book and was never tendered or delivered to him. The business of the new corporation was not successful, and after about three years it went into the hands of a receiver. This action was begun in December, 1919, to enforce the collection of said promissory note. The defendant defended on the ground of want of consideration

and failure of consideration. No allegations of fraud on the part of Peterson or Doyon appear in the answer. Trial by jury. Verdict and judgment for defendant. New trial denied. Plaintiffs appeal.

[1] The defendant was permitted over proper objection to testify that, before he signed the note, Peterson and Doyon represented to him that the earnings of the new corporation would take care of the note; that he would never be called upon to pay anything; that they would guarantee it; and that he relied upon such representations. Aside from the oral guaranty, we are of the opinion that the representations were not representations of fact upon which defendant had the right to rely. They were mere expressions of opinion as to what the future would bring forth. 20 Cyc. 20; Western Townsite Co. v. Novotny, 32 S. D. 565, 143 N. W. 895.

[2] As to the oral guaranty, it was clearly such a guaranty as was required by the statute to be in writing (Rev. Code 1919, § 1477), and did not come within any of the exceptions mentioned in section 1478.

[3] As tending to show a want of consideration as well as a failure of consideration, defendant, in addition to the above representation, relies upon the nondelivery of the certificate of corporate stock to him and the decision of this court in Barnard v. Tidrick, 35 S. D. 403, 152 N. W. 690. That case related to a contract of purchase and sale. This case does not. Defendant's subscription to the capital stock of the new corporation was a good consideration for the note. The distinction between this case and Barnard v. Tidrick is pointed out in the opinion in that case by the citations from the two Minnesota cases.

We are of the opinion that the trial court should have granted appellants' motion for a directed verdict.

The judgment and order appealed from are reversed.

Note—Reported in 192 N. W. 752. See American Key-Numbered Digest, (1) Corporations, Key-No. 80(5), 14 C. J. Sec. 878; (2) Frauds, statute of, Key-No. 20, 27 C. J. Sec. 42; 25 R. C. L. 509, 12 R. C. L. 247; (3) Corporations, Key-No. 92, 14 C. J. Sec. 791.

On what constitutes false representations by promoter of corporation, see notes in 35 L. R. A. 417; 37 L. R. A. 604, and 18 L. R. A. (N. S.) 1109; On liability of corporation for fraud or forgery of its officers in the issue of its stock, see notes in 19 L. R. A. 331, and 41 L. R. A. (N. S.) 187.